# Order

Michigan Supreme Court
Lansing, Michigan

November 5, 2008

136930

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

SANFORD POLLO, JR.,
      Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136930
COA: 283107
Jackson CC: 06-004713-FC

_____/

On order of the Court, the application for leave to appeal the May 29, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, J. (*dissenting*).

The Court should grant leave to appeal to examine the questionable practice used by the trial court in this case. After trial and sentencing, defendant filed a motion for resentencing asserting that offense variable (OV) 9 had been misscored. Once the error was corrected, defendant argued, his sentence would no longer fall within the scored guidelines range, and he should be resentenced. The prosecutor was obliged to acknowledge that OV 9 had been improperly scored. But, for the first time, it claimed that OV 19 had been improperly scored as well. OV 19 had been scored at zero at sentencing. The prosecutor now argued that OV 19 should be scored at 10.

Defendant had slashed his wrists when officers tried to arrest him. The prosecutor had not argued at sentencing that this desperate behavior constituted interference with the administration of justice for purposes of OV 19. It was only after agreeing that OV 9 had been improperly scored that the prosecutor advanced this position.

The trial court denied defendant's motion without conducting a hearing. The court agreed with defendant that OV 9 should have been scored at zero, but also agreed with

the prosecutor that OV 19 should have been scored at 10 points. As a result, the guidelines range did not change, and resentencing was unnecessary.

To allow a judge who made a mistake at sentencing to rescore other offense variables to nullify the damage done by the misscored variable without a hearing is troublesome. The defendant had no opportunity to present any objection or input to the rescoring of OV 19. Rather than ignore this practice, the Court should grant leave to appeal to consider whether it should be permitted and, if so, under what circumstances.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 5, 2008

_Corbin R. Davis_
Clerk

t1029